**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PHILLIP G. HENDERSON,
Plaintiff-Appellant,

v.                                                                          No. 97-1910

STERLING, INCORPORATED,
Defendant-Appellee.

PHILLIP G. HENDERSON,
Plaintiff-Appellant,

v.                                                                          No. 97-2009

STERLING, INCORPORATED,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-96-1812-A)

Argued: January 27, 1998

Decided: April 14, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Alan Mark Grayson, ALAN M. GRAYSON & ASSO-CIATES, McLean, Virginia, for Appellant. John Joseph Michels, Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, McLean, Virginia, for Appellee. **ON BRIEF:** Victor A. Kubli, ALAN M. GRAYSON & ASSOCIATES, McLean, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The dispositive issue in this appeal is whether appellant Phillip G. Henderson (Henderson) validly accepted an offer made pursuant to Federal Rule of Civil Procedure 68 to allow judgment to be entered against appellee Sterling, Inc. (Sterling). Because we conclude that Henderson did not validly accept Sterling's offer of judgment, we vacate the district court's judgment and remand for further proceedings.

I

Henderson worked for Sterling as a jeweler from February 1995 to September 1996. Henderson alleges that, during this time, Sterling frequently required him to work more than thirty hours of overtime per week. Moreover, when Henderson asked for overtime pay, Sterling allegedly threatened to fire him. Ultimately, Henderson found another job and, on December 23, 1996, he filed the present action against Sterling to recover overtime pay, statutory liquidated damages and mandatory attorneys' fees pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-209.

On March 28, 1997, Sterling made Henderson an offer to settle the case, to which Henderson made a counteroffer on April 2, 1997. Hen-

2

derson's counteroffer asked for damages in the amount of $20,000 and attorneys' fees estimated through April 2 to be approximately $15,000. Two days later, Sterling made an offer of judgment pursuant to Federal Rule of Civil Procedure 68(b) for $10,000"with costs now accrued." (J.A. 8). By letter dated April 7, 1997, Henderson inquired whether the term "costs" included attorneys' fees. Sterling responded that "costs includes attorneys fees." (J.A. 12). At Henderson's request, on April 9, 1997, Sterling restated its offer as"Ten Thousand Dollars ($10,000), with costs, including attorneys' fees, accrued as of April 4, 1997" (the Offer of Judgment). (J.A. 14).

On April 14, 1997, Henderson filed a notice with the district court stating that he accepted Sterling's Offer of Judgment (the Notice of Acceptance). The Notice of Acceptance requested that the district court enter judgment in the amount of $28,865.88, comprising $10,000 plus $18,865.88 for attorneys' fees and costs accrued to April 4, 1997. Sterling immediately filed a memorandum in opposition to Henderson's Notice of Acceptance, asserting that by requesting entry of judgment for an amount that included a specific sum for attorney fees rather than leaving that for judicial determination, the acceptance varied from the offer and was therefore "improper."

After reviewing the parties' memoranda, the district court entered judgment against Sterling in the amount of $10,000"with costs and attorney's fees, accrued as of April 4, 1997, the latter figures to be submitted to the Court for review." (J.A. 20). The district court ordered Henderson to submit an itemized list of costs and attorneys' fees related to the action, to which order Henderson complied. Sterling then submitted objections to Henderson's proposed fees and costs, arguing that it should only pay Henderson's"reasonable" attorneys' fees through April 4, 1997, not the full amount that had allegedly accrued. Henderson, on the other hand, complained that Sterling was reneging on its agreement and attacking the attorneys' fees it had already agreed to pay.

On June 9, 1997, the district court awarded Henderson attorneys' fees and costs in the amount of $9,613.88. The district court indicated there was "no question that [Henderson] is entitled to reasonable attorneys' fees and costs accrued, as of April 4, 1997, under the Rule 68 Offer of Judgment." (J.A. 20). The district court emphasized that

3

the Offer of Judgment and the correspondence between counsel made clear that the Offer of Judgment included Henderson's attorneys' fees and costs in addition to the $10,000 judgment amount. The only issue was the reasonableness of the attorneys' fees and costs that Henderson was requesting.

In determining the attorneys' fees to be awarded, the district court applied the "lodestar" method of calculating fees, where the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate. (See J.A. 21) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The district court examined both the reasonableness of the hourly rate Henderson's attorneys were charging and the number of hours they spent on the case. First, the district court found that the hourly rates being charged by Henderson's attorneys--$325 for Alan Grayson and $175 for Victor Kubli--were excessive, and reduced them to a rate the district court found to be in line with those prevailing in the community for similar services by attorneys of comparable skill, experience and reputation. Second, the district court found that many of the ninety-four hours billed for this litigation were either duplicative, unnecessary or inadequately documented, and reduced the number of billable hours accordingly. The district court awarded attorneys' fees in the amount of $8,428.00, calculated by multiplying an hourly rate of $225 for Mr. Grayson by 70% of the hours he expended, plus an hourly rate of $125 for Mr. Kubli multiplied by 70% of his billed hours. The district court found that the costs Henderson claimed were reasonable and made no adjustment to the $1,185.88 amount. Therefore, the total amount of fees and costs awarded to Henderson by the district court was $9,613.88. Henderson filed a timely notice of appeal from that order.

On June 20, 1997, Henderson filed a motion in the district court to recover attorneys' fees and costs which accrued after April 4, 1997, the cut-off date specified in Sterling's Offer of Judgment. Henderson argued that he was entitled to attorneys' fees pursuant to the FLSA, 29 U.S.C. § 216(b), in addition to the award he received by accepting the Rule 68 Offer of Judgment. In so arguing, Henderson relied on the language of § 216(b) that the court "shall" award reasonable attorneys' fees "in addition to any judgment awarded to the plaintiff." See 29 U.S.C. § 216(b). To avoid a double recovery, Henderson only

4

requested "reasonable" attorneys' fees which had accrued after April 4, 1997.

Sterling opposed Henderson's motion for additional fees on the grounds that Henderson's acceptance of the Offer of Judgment constituted a binding agreement and precluded compensation for attorneys' fees and costs after April 4, 1997. The district court agreed, and held that Henderson was bound by his acceptance of the Rule 68 Offer of Judgment and was, therefore, not entitled to an award of additional fees and costs. The district court emphasized that the express terms of the Offer of Judgment limited the judgment amount to $10,000, but allowed for costs and attorneys' fees accrued as of April 4, 1997. Henderson filed a timely appeal of that order on July 21, 1997. Henderson's appeals were consolidated on July 31, 1997.

II

On appeal, Henderson first argues that the district court erred in awarding him only $9,613.88 in costs and "reasonable" attorneys' fees, instead of the full $18,865.88 in fees and costs that had accrued as of April 4, 1997. According to Henderson, because Sterling knew from the settlement negotiations that Henderson's attorneys' fees had accrued to more than $15,000 as of April 4, 1997, Sterling's Offer of Judgment was an offer to pay all of Henderson's then-accrued costs and fees. Henderson therefore maintains that the district court's award of $9,613.88 in costs and "reasonable" attorneys' fees was an inappropriate modification of the parties' agreement. Sterling, on the other hand, argues that in light of the FLSA's provision of "reasonable" attorneys' fees to prevailing plaintiffs, the Offer of Judgment only proposed to pay Henderson's reasonable attorneys' fees. Sterling therefore contends that the district court correctly refused to award Henderson attorneys' fees the district court found to be unreasonable.

Notwithstanding the parties' arguments, we determine the dispositive issue in this case to be whether Henderson validly accepted Sterling's Offer of Judgment. Because we conclude below that Henderson did not unequivocally and unqualifiedly accept Sterling's Offer of Judgment, we hold that the district court lacked the authority at this stage of the litigation to enter judgment against Sterling, or to award Henderson costs and attorneys' fees in any amount.

5

Federal Rule of Civil Procedure 68 provides, in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

The rule also provides that if the offeree does not accept the offer of judgment and the judgment finally obtained is less favorable than the offer, the offeree must pay all costs incurred after the making of the offer. Id.

Rule 68 does not mention attorneys' fees; nevertheless, the Supreme Court held in Marek v. Chesny, 473 U.S. 1 (1985), that where the statute underlying the cause of action defines "costs" to include attorneys' fees, such fees are to be included as costs for purposes of Rule 68. See id. at 9. The FLSA, under which Henderson brought the present action, states that the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

The obvious goal of Rule 68 is to encourage settlement. See Marek, 473 U.S. at 5. The rule accomplishes this goal by offering incentives to the parties to agree to a settlement. When there is a strong possibility that the plaintiff will prevail, but the amount of recovery is uncertain, then the rule encourages the defendant to offer to allow judgment to be entered against it for a certain amount, plus costs. See Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). The plaintiff, on the other hand, has the incentive to accept the offer because he will pay all costs incurred after the offer if he does not ultimately recover an award more favorable than the offer. See id.

It is generally agreed that, since Rule 68 offers of judgment are basically offers of settlement, they should be interpreted according to

6

basic principles of contract law. See, e.g., Goodheart Clothing Co., Inc. v. Laura Goodman Enters., Inc., 962 F.2d 268, 272 (2d Cir. 1992); Erdman v. Cochise County, Ariz., 926 F.2d 877, 880 (9th Cir. 1991); Mallory v. Eyrich, 922 F.2d 1273, 1279 (6th Cir. 1991). The question, then, of whether the parties here reached an enforceable agreement is governed by the intent of the parties as objectively manifested. See Byrum v. Bear Inv. Co., 936 F.2d 173, 175 (4th Cir. 1991). More specifically, the issue of whether Henderson's Notice of Acceptance amounted to a valid acceptance of Sterling's Offer of Judgment is controlled by the principle that an acceptance must be unequivocal and unqualified in order to bind the offerer: "A material variance between the acceptance and the offer results in a rejection of the original offer and transforms the putative acceptance into a counteroffer." Id. Thus, we must determine (1) the terms of the Offer of Judgment, and (2) whether Henderson accepted the Offer of Judgment unequivocally and unqualifiedly, with no material variance in the terms.

Sterling's Offer of Judgment offered to allow judgment to be entered against Sterling for $10,000.00, "with costs, including attorneys' fees, accrued as of April 4, 1997." (J.A. 14). Plainly, the Offer of Judgment did not specify a particular amount of attorneys' fees. Furthermore, there is no evidence in the record establishing that the parties ever expressly agreed to a particular amount of attorneys' fees. In the absence of either an express agreement by the parties or a specified sum in the Offer of Judgment, the amount of costs and attorneys' fees are to be determined by the district court. See Marek, 473 U.S. at 6 (stating that if an offer of judgment does not specify the amount of costs, then the district court "will be obliged by the terms of [Rule 68] to include in its judgment an additional amount which in its discretion . . . it determines to be sufficient to cover the costs"). Thus, the terms of Sterling's Offer of Judgment intended that costs and attorneys' fees were to be determined by the district court.

Henderson's Notice of Acceptance, on the other hand, asked the district court to enter judgment for $28,865.88, of which Henderson attributed $18,865.88 to costs and attorneys' fees. The Notice of Acceptance does not purport to accept costs and attorneys' fees in an amount to be determined by the district court, but rather fixes the amount at a sum Henderson wishes to collect. On its face, therefore, Henderson's Notice of Acceptance does not unequivocally and

7

unqualifiedly accept the terms of the Offer of Judgment, see Byrum, 936 F.2d at 175, because it alters how costs and attorneys' fees are to be determined. This variance from the Offer of Judgment is material, and has the effect of rejecting the Offer of Judgment and transforming the Notice of Acceptance into a counteroffer. See id. Moreover, Sterling's prompt filing of its memorandum in opposition to Henderson's Notice of Acceptance was obviously not an acceptance of Henderson's counteroffer.

In light of these facts, we hold that Henderson never validly accepted Sterling's Offer of Judgment. The district court therefore erred in entering judgment upon an agreement the parties never consummated. Consequently, we vacate the judgment of the district court and remand the case for further proceedings.*

VACATED AND REMANDED
_____

*Given this disposition, we will not address Henderson's second assignment of error, namely that the district court erred in refusing to award him attorneys' fees which accrued after April 4, 1997.

8